## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCHOENECKERS, INC. d/b/a BI WORLDWIDE, | ) )  )   C.A. No. 1:25-cv-01263-UNA |
| Plaintiff, | ) ) |
| v. | ) )   **JURY TRIAL DEMANDED** |
| KOBIE MARKETING, INC., | ) ) ) |
| Defendant. | ) |

## **COMPLAINT**

This is a complaint for patent infringement. Plaintiff Schoeneckers, Inc. d/b/a BI Worldwide ("BI Worldwide") brings this action against Kobie Marketing, Inc. ("Kobie" or "Defendant") and states as follows.

## **Parties**

1. BI Worldwide is a Minnesota corporation having a principal place of business at 7630 Bush Lake Rd, Edina, MN, 55439.

2. On information and belief, Kobie is a corporation organized and existing under the laws of Delaware, having a principal place of business at 100 2nd Avenue S., Suite 1000, St. Petersburg, Florida 33701. On information and belief, Kobie may be served in Delaware at least via its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## **Jurisdiction**

3. This action arises under the Patent Act, 35 U.S.C. § 271 et seq.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5.    This Court has personal jurisdiction over Defendant at least because Defendant is a company organized under the laws of the State of Delaware.

6.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1400 and 1391 because Defendant is a Delaware company and therefore is deemed to reside in this judicial district.

**BI Worldwide's Patented Technology and Defendant's Infringing Product**

7.    BI Worldwide is the owner of U.S. Patent Nos. 8,768,764, 9,779,421, and 11,501,339 (respectively "the '764 patent", "the '421 patent", and "the '339 patent", collectively, "the patents-in-suit"). These patents are included herewith as Exhibit A, B and C, respectively.

8.    These patents arose from research and development into systems and methods for providing incentives to visitors of a website by Bunchball Inc. ("Bunchball"). Bunchball launched the gamification industry in 2007. It recognized that there were two problems with incentives being offered on websites at the time of their invention. First, each website was required to independently develop the incentive software program. Second, incentive software programs were written specifically for the websites and were not easily customizable once written. Therefore, Bunchball developed an incentive application that is portable onto multiple websites and customizable on each site. This research and development resulted in the patents-in-suit.

9.    Bunchball also launched its Nitro platform in 2007. This platform uses the technology described in the patents-in-suit. Since then, millions of people have completed more than five billion challenges powered by Bunchball Nitro. This platform has become the leader in enterprise gamification platforms. In 2018, Bunchball was purchased by BI Worldwide. BI Worldwide continues to operate Bunchball and sell the Bunchball Nitro platform.

10.   Defendant uses and sells a gamification platform that incentivizes customers to use its clients' websites. Defendant's platform competes with the Bunchball Nitro platform and

infringes the patents-in-suit. Exhibit H is a printout of a web page where Defendant advertises its Partners."[1] Exhibit I is a printout of a web page where Defendant advertises Kobie Alchemy Loyalty Cloud.[2] Exhibit J is a printout of a web page where Defendant advertises its use of "Loyalty Data."[3] Exhibit K is a printout of a web page where Defendant advertises how its platform implements "Loyalty Decisioning."[4] Exhibit L is a printout of a webpage advertising the platform's delivery of "loyalty experiences."[5] Exhibit M is a printout of a web page advertising the platform's ability to provide "actionable loyalty insights."[6] Exhibit N is a printout of a web page where Defendant advertises "Seamless digital integration."[7] Exhibit O is a printout of a web page where Defendant discusses loyalty data sets.[8]

## The Parties' Pre-Suit Correspondence

11.     On May 17, 2023, BI Worldwide approached Defendant about its infringement of the patents-in-suit. This letter is attached as Exhibit G. In May 2024, BI Worldwide followed up to remind Defendant of this previous correspondence and asked it to inform BI Worldwide if it believed its product was not infringing. This letter is attached as Exhibit P. On September 25, 2025, Kobie informed BI Worldwide that it did not believe it was infringing, but did not explain why.

---

[1] This web page is available at https://kobie.com/our-partners/.
[2] This web page is available at https://kobie.com/products/.
[3] This web page is available at https://kobie.com/signal-cloud/.
[4] This web page is available at https://kobie.com/loyalty-decisioning/.
[5] This web page is available at https://kobie.com/experience-delivery/.
[6] This web page is available at https://kobie.com/actionable-insights/.
[7] This web page is available at https://kobie.com/kobie-industries/telecom/.
[8] This web page is available at https://kobie.com/data-products-through-your-loyalty-program-a-fresh-perspective/.

## Count 1
## Claim for Patent Infringement of U.S. Patent 8,768,764

12. BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

13. BI Worldwide is the owner of the '764 patent, which issued on July 1, 2014 and is attached as Exhibit A.

14. Defendant has infringed and continues to infringe one or more claims of the '764 patent, including at least claim 10 under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing its platform. Attached as Exhibit D is a claim chart showing an example of how Defendant's system infringes claim 10 of the '764 patent.

15. The use of Defendant's system satisfies Element 10[p] of the '764 patent, as shown in Exhibit D.

16. The use of Defendant's system satisfies Element 10[a] of the '764 patent, as shown in Exhibit D.

17. The use of Defendant's system satisfies Element 10[b] of the '764 patent, as shown in Exhibit D.

18. The use of Defendant's system satisfies Element 10[c] of the '764 patent, as shown in Exhibit D.

19. The use of Defendant's system satisfies Element 10[d] of the '764 patent, as shown in Exhibit D.

20. The use of Defendant's system satisfies Element 10[e] of the '764 patent, as shown in Exhibit D.

21. The use of Defendant's system satisfies Element 10[f] of the '764 patent, as shown in Exhibit D.

22. The use of Defendant's system satisfies Element 10[g] of the '764 patent, as shown in Exhibit D.

23. Defendant directly infringes, literally and under the doctrine of equivalents, claims of the '764 patent through making, using, selling, offering for sale, and/or importing its platform.

24. Defendant also indirectly infringes claims of the '764 patent. Defendant has known its platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendant actively induces infringement because it directly encourages its customers to use the platform in a way that results in infringement of the '764 patent by selling access to the platform. Defendant also contributes to infringement because its platform is not a staple article of commerce suitable for substantial non-infringing uses. For example, there is no substantial use for the platform that does not infringe the '764 patent. The intended, normal use of Defendant's platform results in infringement. Defendant's platform is a material part of the invention of the '764 patent.

25. Defendant willfully infringed and continues to willfully infringe the '764 patent.

26. BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

27. Defendant's infringement of the '764 patent has caused and will continue to cause damage to BI Worldwide unless Defendant is enjoined from infringing the '764 patent. Defendant's use of the patent has caused irreparable harm for which there is no adequate remedy at law.

## Count 2
## Claim for Patent Infringement of U.S. Patent 9,779,421

28. BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

29. BI Worldwide is the owner of the '421 patent, which issued on October 3, 2017 and is attached as Exhibit B.

30. Defendant has infringed and continue to infringe one or more claims of the '421 patent, including at least claim 12 under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing its platform. Attached as Exhibit E is a claim chart showing an example of how Defendant's system infringes claim 12 of the '421 patent.

31. The use of Defendant's system satisfies Element 12[p] of the '421 patent, as shown in Exhibit E.

32. The use of Defendant's system satisfies Element 12[a] of the '421 patent, as shown in Exhibit E.

33. The use of Defendant's system satisfies Element 12[b] of the '421 patent, as shown in Exhibit E.

34. The use of Defendant's system satisfies Element 12[c] of the '421 patent, as shown in Exhibit E.

35. The use of Defendant's system satisfies Element 12[d] of the '421 patent, as shown in Exhibit E.

36. The use of Defendant's system satisfies Element 12[e] of the '421 patent, as shown in Exhibit E.

37. The use of Defendant's system satisfies Element 12[f] of the '421 patent, as shown in Exhibit E.

38. Defendant directly infringes, literally and under the doctrine of equivalents, claims of the '421 patent through making, using, selling, offering for sale, and/or importing its platform.

39. Defendant also indirectly infringes claims of the '421 patent. Defendant has known its platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendant actively induces infringement because it directly encourages its customers to use the platform in a way that results in infringement of the '421 patent by selling access to the platform. Defendant also contributes to infringement because its platform is not a staple article of commerce suitable for substantial non-infringing uses. For example, there is no substantial use for the platform that does not infringe the '421 patent. The intended, normal use of Defendant's platform results in infringement. Defendant's platform is a material part of the invention of the '421 patent.

40. Defendant willfully infringed and continues to willfully infringe the '421 patent.

41. BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

42. Defendant's infringement of the '421 patent has caused and will continue to cause damage to BI Worldwide unless Defendant is enjoined from infringing the '421 patent. Defendant's use of the patent has caused irreparable harm for which there is no adequate remedy at law.

## Count 3
## Claim for Patent Infringement of U.S. Patent No. 11,501,339

43. BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

44. BI Worldwide is the owner of the '339 patent, which issued on November 15, 2022 and is attached as Exhibit C.

45. Defendant has infringed and continues to infringe one or more claims of the '339 patent, including at least claim 21 under 35 U.S.C. § 271(a) by making, using, offering to sell,

selling, and/or importing its platform. Attached as Exhibit F is a claim chart showing an example of how Defendant's system infringes claim 21 of the '339 patent.

46. The use of Defendant's system satisfies Element 21[p] of the '339 patent, as shown in Exhibit F.

47. The use of Defendant's system satisfies Element 21[a] of the '339 patent, as shown in Exhibit F.

48. The use of Defendant's system satisfies Element 21[b] of the '339 patent, as shown in Exhibit F.

49. The use of Defendant's system satisfies Element 21[c] of the '339 patent, as shown in Exhibit F.

50. The use of Defendant's system satisfies Element 21[d] of the '339 patent, as shown in Exhibit F.

51. The use of Defendant's system satisfies Element 21[e] of the '339 patent, as shown in Exhibit F.

52. The use of Defendant's system satisfies Element 21[f] of the '339 patent, as shown in Exhibit F.

53. Defendant directly infringes, literally and under the doctrine of equivalents, claims of the '339 patent through making, using, selling, offering for sale, and/or importing its platform.

54. Defendant also indirectly infringes claims of the '339 patent. Defendant has known their platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendant actively induces infringement because it directly encourages its customers to use the platform in a way that results in infringement of the '339 patent by selling access to the platform. Defendant also contributes to infringement because its platform

is not a staple article of commerce suitable for substantial non-infringing uses. For example, there is no substantial use for the platform that does not infringe the '339 patent. The intended, normal use of Defendant's platform results in infringement. Defendant's platform is a material part of the invention of the '339 patent.

55. Defendant willfully infringed and continues to willfully infringe the '339 patent.

56. BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

57. Defendant's infringement of the '339 patent has caused and will continue to cause damage to BI Worldwide unless Defendant is enjoined from infringing the '339 patent. Defendant's use of the patent has caused irreparable harm for which there is no adequate remedy at law.

## **Prayer for Relief**

BI Worldwide respectfully requests the following relief:

A. A judgment that Defendant has infringed the '764 patent, the '421 patent, and the '339 patent;

B. A judgment and order requiring Defendant to pay all appropriate damages, including prejudgment and post-judgment interest, and including increased damages for its willful infringement;

C. A judgment and order requiring Defendant to pay all costs of this action, including all disbursements and attorney fees because this case is exceptional under 35 U.S.C. § 285;

D. Permanent injunctions against Defendant and its officers, agents, employees, attorneys, and all persons in active concert or participation with them, prohibiting infringement of the '764 patent, the '421 patent, and the '339 patent;

E. Such other and further relief that this Court may deem just and equitable.

**<u>Demand for a Jury Trial</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BI Worldwide demands a trial by jury of all issues so triable.

| | |
|---|---|
| OF COUNSEL: | */s/ Kelly E. Farnan*<br>Kelly E. Farnan (#4395) |
| Nate D. Louwagie<br>Jennell C. Bilek<br>Jake R. Dinkins<br>CARLSON CASPERS VANDENBURGH<br>& LINDQUIST PA<br>225 S. Sixth Street, Suite 4200<br>Minneapolis, MN 55402<br>(612) 436-9600<br>nlouwagie@carlsoncaspers.com<br>jbilek@carlsoncaspers.com<br>jdinkins@carlsoncaspers.com | Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br><br>*Attorneys for Plaintiff Schoeneckers, Inc.*<br>*d/b/a BI Worldwide* |

Dated: October 15, 2025